Case 2:24-cv-00038   Document 19   Filed on 10/29/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DR. JOHN EMIL PETERSEN III, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00038 |
| | § | |
| META, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 12). The M&R recommends that the Court:

(1) Grant Defendants' D.E. 8 motion to dismiss;

(2) Grant Plaintiff leave to amend his complaint if he has explained, through any response to the M&R, how he would amend his complaint to cure the identified deficiencies;

(3) If leave to amend is denied, dismiss the case pursuant to Rule 12(b)(2) without prejudice or dismiss the case pursuant to Rule 12(b)(6) with prejudice.

(D.E. 12, p. 24). Plaintiff has filed written objections to the M&R. (D.E. 17; D.E. 18).

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 17; D.E. 18), and **ADOPTS** the findings and conclusions of the M&R relating to failure to state a claim, (D.E. 12, p. 17–23). The Court **GRANTS** Defendants' motion to dismiss, (D.E. 8), **DENIES** leave to amend, and **DISMISSES with prejudice** pursuant to Rule 12(b)(6) Plaintiff's case, (D.E. 1).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely

re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc) (*overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc)) (*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff objects to the M&R's recommendation that his claims be dismissed for lack of personal jurisdiction and failure to state a claim. *See* (D.E. 17, p. 1; D.E. 18, p. 3–5). Because Plaintiff has failed to state a claim—which alone warrants dismissal—the Court assumes without deciding the issue of personal jurisdiction. That is because, as the below analysis demonstrates, even if Plaintiff were correct about personal jurisdiction, his claims still fail as a matter of law.

Concerning his objections to the M&R's recommendation regarding failure to state a claim, Plaintiff directs the Court to his D.E. 15 Motion to Appeal. *See* (D.E. 18, p. 5) ("Rule 12(b)(6) is addressed ad nauseum in Document 15."). In his Motion to Appeal, Plaintiff appears to address the arguments raised in Defendants' D.E. 8 Motion to Dismiss. *See* (D.E. 15, p. 2) (heading reads "Regarding Defendants' Section B. on Proceedings"); (D.E. 8, p. 8) (heading reads "B. Plaintiff's Claims Against Meta [and Mr. Zuckerberg] Fail as a Matter of Law on the Pleadings"). Nowhere in Plaintiff's Motion to Appeal does he reference with particularity the M&R's analysis and recommendation. *See generally* (D.E. 15). Indeed, he does not mention the M&R at all. *See generally id.* For that reason alone, the Court could overrule his objections. *Pelko*, 2024 WL 1972896, at *1.

Looking past Plaintiff's failure to point out with particularity any alleged defects in the M&R's analysis regarding failure to state a claim, the Court finds that his objections still do not chin the bar

set by the Supreme Court. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). In the relevant portion of his Motion to Appeal, Plaintiff merely recounts the allegations raised in his complaint. *Compare* (D.E. 15, p. 3–4) *with* (D.E. 1, p. 3–5). With respect to these allegations, the Court agrees with the M&R: they "are bereft of concrete factual allegations" and are "entirely conclusory." (D.E. 12, p. 17–23).

Summing all of this up: although Plaintiff's objections to the M&R fail to point out with particularity any alleged errors in the M&R's analysis and are conclusory, the Court nevertheless considers them. After considering Plaintiff's objections, the Court agrees with the M&R that Plaintiff's claims are bereft of concrete factual allegations and are entirely conclusory. (D.E. 12, p. 17–23). So, Plaintiff has failed to state a claim on which relief can be granted and dismissal is warranted. *See Chhim v. Univ. of Tex. at Austin,* 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) (explaining that "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

Although a pro se plaintiff should typically be offered an opportunity to amend his complaint before it is dismissed, *Wiggins v. La. State Univ.–Health Care Servs. Div.*, 710 F.App'x 625, 627 (5th Cir. 2016) (per curiam), Plaintiff has failed to inform the Court how he might amend his complaint to cure the deficiencies identified by the M&R. *Cf. Parham v. Wayne McCollum Detention Ctr.*, No. 3:22-CV-2790-G-BN, 2023 WL 2504910, at *6 (N.D. Tex. Jan. 10, 2023) (Horan, Mag. J.), *adopted*, 2023 WL 2518853 (N.D. Tex. Mar. 14, 2023) (Fish, J.) ("A court should freely give leave to amend when justice so requires … but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects." (quoting *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam))). Indeed, as stated above, Plaintiff has merely repeated the allegations raised in his initial complaint. Accordingly, the Court **DENIES** Plaintiff leave to amend and **DISMISSES with prejudice** this matter. (D.E. 1).

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable

law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 17; D.E. 18), and **ADOPTS** the findings and conclusions of the M&R related to failure to state a claim, (D.E. 12, p. 17–23). The Court **DISMISSES with prejudice** Plaintiff's suit pursuant to Rule 12(b)(6). (D.E. 1).

One last point: the Court has read the accusations Plaintiff directs at Magistrate Judge Neurock. *See, e.g.*, (D.E. 17, p. 1) ("You cover for serial killers, so they can find their next victim."); (D.E. 18, p. 6) ("[Magistrate Judge Neurock] ought to be replaced by one who does not conspire with known criminals."). The Court holds Magistrate Judge Neurock in high esteem and the accusations are not well received. There are neither conspirators nor serial-killer-sympathizers on the bench. Rather, "[w]hat we have is an extraordinary group of dedicated judges doing their level best to do equal right to those appearing before them."[1] The Court hopes Plaintiff appreciates that reality.

A final judgment will be entered separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 25th, 2024

---

[1] Lyle Denniston, *Chief Justice, President in a public feud*, National Constitution Center (Nov. 22, 2018), https://constitutioncenter.org/blog/chief-justice-president-in-a-public-feud.